**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-30276 |
| Plaintiff-Appellee, | D.C. No. 1:16-cr-00013-SPW |
| v. | |
| TAWNYA BEARCOMESOUT, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted August 9, 2017[**]

Before:   SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

Tawnya Bearcomesout appeals from the district court's denial of her motion

to dismiss the indictment and challenges her guilty-plea conviction for involuntary

manslaughter, in violation of 18 U.S.C. §§ 1153(a) and 1112(a). We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Bearcomesout's request for oral argument is denied.

Bearcomesout argues that the Double Jeopardy Clause barred her successive homicide prosecutions by the Northern Cheyenne Tribe and the United States government because the two entities are not separate sovereigns. This argument is foreclosed. *See Puerto Rico v. Sanchez Valle*, 136 S. Ct. 1863, 1870-72 (2016) (successive prosecutions for the same offense are not barred by the Double Jeopardy Clause if brought by separate sovereigns, and Indian Tribes "count as separate sovereigns under the Double Jeopardy Clause"). Furthermore, Bearcomesout has not shown impermissible collusion between the United States government and the Northern Cheyenne Tribe such that an exception applies under *Bartkus v. Illinois*, 359 U.S. 121 (1959). *See United States v. Lucas*, 841 F.3d 796, 803 (9th Cir. 2016) (impermissible collusion occurs where "the prosecutors of one sovereign so thoroughly dominate or manipulate the prosecutorial machinery of the other sovereign that the latter retains little or no volition in its own proceedings" (internal quotations omitted)).

**AFFIRMED.**